IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JAMES B. PEMBERTON II,

              Petitioner,              ORDER

v.

                                  23-cv-476-wmc

KYLE WALKER, STATE OF WISCONSIN,
JESSICA MILLER, and KENNETH HAMM,

              Respondents.

---

Petitioner James Pemberton II, appearing without counsel, has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254, challenging his August 10, 2018, state-court felony conviction based on a plea of guilty to possession of between 200 and 1000g of THC with intent to deliver as party to a crime in *Wisconsin v. Pemberton*, No. 2016CF242 (Juneau Cnty. Cir. Ct. Dec. 22, 2016). That case and a second case, *see Wisconsin v. Pemberton*, No. 2017CF163 (Juneau Cnty. Cir. Ct. June 19, 2017), included additional drug-related charges that were dismissed but read in as part of a plea agreement. Pemberton was sentenced to 25 days in jail and two years' probation, sentence withheld.

Congress has authorized federal courts to entertain petitions for a writ of habeas corpus only when the individual seeking the writ is "in custody." 28 U.S.C. §§ 2241(c) and 2254(a). A habeas petition is moot when a prisoner has been released from custody unless there are sufficient "collateral effects" or "legal consequences." *Lane v. Williams*, 455 U.S. 624, 632-33 (1982); *Carafas v. LaVallee*, 391 U.S. 234, 238 (1968). Because Pemberton filed this habeas petition approximately five years after his conviction was entered, it appears that both his sentence *and* any collateral effects have expired.

Nevertheless, Pemberton will be given an opportunity to show cause on or before March 27, 2024, why his petition should not be dismissed as moot. If Pemberton chooses to do so, he must at minimum explain what legal consequences he continues to face from his conviction that he believes satisfy the in-custody requirement. If he does not respond by that date, the court will dismiss his petition for failure to show that he is in custody in violation of federal law.

ORDER

IT IS ORDERED that petitioner James Pemberton II may have until March 27, 2024, to show cause why his petition should not be dismissed as moot.

Entered this 27th day of February, 2024.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge